# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KING, | 1:07cv1078 LJO DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| FRESNO POLICE OFFICER MCKNIGHT, et al., | |
| Defendants. | |

Plaintiff Jeremy King, a state prisoner appearing pro se and proceeding in forma pauperis, filed the instant civil rights action on July 26, 2007. Plaintiff names Fresno Police Officers McKnight, Jensen, Cooper, Reyes, Cervantes and Campos, Fresno Police Chief Jerry Dyer, and the City of Fresno as Defendants.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
2  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
3  B.     Analysis
4         This complaint arises out of the shooting death of Garland King ("Decedent"), Plaintiff's
5  father.  The Decedent was fatally wounded on September 4, 2003, after officers responded to
6  reports of an individual standing in the roadway waving a gun and shouting at motorists.
7  Plaintiff alleges causes of action for violations of the Fourth and Fourteenth Amendments,
8  wrongful death, negligence, and negligent infliction of emotional distress.  He seeks general,
9  special and punitive damages.
10         *State Law Claims*
11         The Court has the power to dismiss an action sua sponte on res judicata grounds.  Arizona
12  v. California, 530 U.S. 392, 412 (2000).  This is Plaintiff's second attempt to litigate the death of
13  his father.  In his first attempt, case number 1:04cv6598 LJO, the Court granted summary
14  judgment in favor of Defendants on the wrongful death claim.  Summary judgment is a judgment
15  on the merits and is therefore entitled to res judicata effect in subsequent actions.
16         Plaintiff attempts to avoid this result by arguing that "since the prior complaint did not
17  speak with the instant plaintiff's authority, res judicata does not exist which would prevent the
18  instant suit for damages against the individuals or entities named."  Complaint at 6.  Plaintiff is
19  referring to his argument made in the prior action, where he contested attorney Steve Geringer's
20  authority to file a government tort claim on Plaintiff's behalf.  In the order granting summary
21  judgment, the Court explained as follows:

22  > As noted by the City, Mr. Geringer on behalf of Mr. King and the other plaintiffs named
   > in the complaint submitted a February 26, 2004, government tort claim to the City.  Mr.
23 > King disavows Mr. Geringer's authority to act for Mr. King to render the claim invalid as
   > to Mr. King.  In his deposition, Mr. King admitted that he did not file a claim with the
24 > City.  California Government Code section 911.2 requires presentment of a claim
   > "relating to a cause of action for death . . . not later than six months after the accrual of
25 > the cause of action."  There is an absence of evidence that Mr. King filed, either himself
   > or through an authorized representative, a timely government tort claim.  As such, his
26 > wrongful death claim asserted in the complaint fails in the absence of compliance with
   > government tort claim filing requirements.
27
   Order at 5-6, King v. Fresno City Police, 1:04cv06598 NEW (Sept. 29, 2006).
28

1 	The Court has therefore determined that Plaintiff failed to file a government tort claim. This precludes the wrongful death cause of action, as well as the causes of action for negligence and negligent infliction of emotional distress. Cal. Gov. Code § 911.2. Accordingly, Plaintiff cannot proceed on the state law causes of action and the Court recommends that they be dismissed.

*Section 1983 Claim*

Plaintiff's complaint appears to state a cognizable claim for Section 1983 relief. Accordingly, the Court recommends that the action go forward on this cause of action and will instruct Plaintiff on service by separate order after the state law causes of action are dismissed.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the state law causes of action for wrongful death, negligence and negligent infliction of emotional distress be DISMISSED WITHOUT LEAVE TO AMEND. The Court further recommends that this action go forward on the Section 1983 cause of action.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2007**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE