IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KING, | CASE NO. CV F 07-1078 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT** |
| vs. | (Doc. 12.) |
| FRESNO POLICE OFFICERS: McKNIGHT, et al., | |
| Defendants. | |

**INTRODUCTION**

Defendants[1] seek F.R.Civ.P. 12(b)(6) dismissal or F.R.Civ.P. 12(e) more definite statement relief as to pro se plaintiff Jeremy King's ("Mr. King's") remaining 42 U.S.C. § 1983 ("section 1983") claims arising from the fatal shooting of Garland King ("Garland"), Mr. King's natural father. This Court considered defendants' motions to dismiss and for a more definite statement on the record, pursuant to Local Rule 78-230(m). For the reasons discussed below, this Court GRANTS defendants F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(c) relief and ORDERS Mr. King, no later than March 7, 2008, to file and serve his first amended complaint in compliance with this order.

---

[1] Defendants are the City of Fresno ("City"), City Police Chief Jerry Dyer ("Chief Dyer"), and City police officers McKnight, Jensen, Cooper, Reyes, Depew, Cervantes and Campos. City police officers McKnight, Jensen, Cooper, Reyes, Depew, Cervantes and Campos will be referred to collectively as "defendant officers." The City, Chief Dyer and defendant officers will be referred to collectively as "defendants."

1

# BACKGROUND

On September 4, 2003, City police officers fatally shot Garland after Garland in a downtown Fresno road waved a handgun and shouted at motorists. On September 26, 2007, Mr. King, a state prisoner, filed his complaint ("complaint") to allege section 1983 claims that:

1. "Defendants' conduct violated the rights of plaintiff Garland King, not to be deprived of liberty and property without due process of law under the Fourteenth Amendment to the United States Constitution";

2. "The fatal shooting of Garland King violated his Fourth Amendment rights to be free from the use of excessive deadly force"; and

3. "[T]he killing of Garland King violated the Fourteenth Amendment liberty interest of Jeremy King in the companionship and society of Garland King."

This Court dismissed the complaint's wrongful death, negligence and negligent infliction of emotional distress causes of action on grounds that in Mr. King's prior action,[2] this Court determined that Mr. King had failed to file a government tort claim to bar Mr. King's wrongful death cause of action. This Court permitted Mr. King to proceed on his sole pending section 1983 cause of action.

Defendants seek F.R.Civ.P. 12(b)(6) or F.R.Civ.P. 12(e) relief on grounds that Mr. King lacks standing to pursue section 1983 claims and fails to allege sufficient facts to support such claims.

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where

---

[2] In *Doris King, et al. v. Fresno City Police Department, et al.*, CV F 04-6598 LJO ("prior action"), this Court entered judgment adverse to Mr. King on his state wrongful death claim. The Ninth Circuit Court of Appeals affirmed the judgment. In the prior action, this Court dismissed with leave to amend Mr. King's section 1983 claims, but Mr. King failed to attempt to amend his section 1983 claims.

there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**F.R.Civ.P. 12(e) Motion For More Definite Statement Standards**

Defendants also pursue a motion for a more definite statement pursuant to F.R.Civ.P. 12(e), which permits a party to seek "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

A motion for a more definite statement is proper if "defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981); *see Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104, 1114 (N.D. Cal. 1979). A F.R.Civ.P. 12(e) motion is designed to strike unintelligibility rather than lack of detail. *See Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby Island Reclamation Dist.*, 491 F.Supp. 1364, 1385 (N.D. Cal. 1980). A F.R.Civ.P. 12(e) motion should be denied if the pleading provides a "short and plain statement" of the claim showing that the pleader is entitled to relief. *Virgen v. Mae*, 2007 WL 1521553, *2 (E.D. Cal. 2007) (citing F.R.Civ.P. 8(a)(2)).

With these standards in mind, this Court turns to defendants' challenges to the complaint's section 1983 claims.

///

### Fourth Amendment Claims

#### *Standing*

Defendants challenge Mr. King's standing to pursue a Fourth Amendment excessive force claim in that "Fourth Amendment rights are personal rights which, like some other constitutional rights may not be vicariously asserted." *Brown v. United States*, 411 U.S. 223, 230, 93 S.Ct. 1565 (1973). Defendants note that survivors of an excessive force decedent may assert a Fourth Amendment claim for the decedent if state law permits a survival action. California Code of Civil Procedure section 377.60 permits a decedent's personal representative, surviving spouse or surviving children to pursue a wrongful death action.

Defendants point to confusion caused by the complaint which alleges that Doris King ("Mrs. King"), Garland's wife, has acted as executrix for Garland's intestate estate. Defendants assert that Mrs. King, not Mr. King, would have proper standing to pursue Garland's Fourth Amendment claims but Mrs. King dismissed with prejudice similar claims in the prior action. Defendants conclude that Mr. King pursues a Fourth Amendment claim "on his own behalf" given that neither Garland nor his estate are plaintiffs in this action and that Mr. King fails to identify himself as a representative of Garland's estate. Mr. King responds that he "is the only biological offspring of Garland King, with the remaining children being 'step-children' in name only." Mr. King notes that "there is Fourth Amendment claim that flows from decedent to plaintiff."

Under the facts alleged, Mr. King lacks claims for violation of Mr. King's **personal** Fourth Amendment rights. Mr. King's response does not resolve the issue of his standing to attempt to pursue Fourth Amendment claims for Garland, especially given that the complaint does not address Mrs. King's status as to Garland's estate. Mr. King concedes there is no Fourth Amendment claim which flows to him. As addressed next, Mrs. King, as administrator of Garland's estate, dismissed the prior action with prejudice to raise res judicata problems for Mr. King.

#### *Res Judicata*

Defendants argue that even if Mr. King is granted leave to amend to address standing to pursue Garland's Fourth Amendment claims, the prior action's res judicata effects bar claims for Garland.

In *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051-1052 (9th Cir. 2005), the Ninth

Circuit Court of Appeals explained application of res judicata:

> "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003) (quotation marks and citation omitted); *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997).

The claims in this and the prior action are identical for res judicata purposes. In the prior action, Mrs. Garland for Garland's estate asserted excessive force claims in connection with Garland's fatal shooting. Mrs. Garland's stipulated dismissal with prejudice was a final judgment on the merits. "We have held that a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court." *Headwaters*, 399 F.3d at 1052. Prior to stipulated dismissal of the prior action, plaintiffs' section 1983 claims were dismissed with leave to amend. Plaintiffs did not attempt amendment and continued on only their state wrongful death claims. Res judicata prevents Mr. King to attempt to revive section 1983 claims in this action.

In addition, privity exists in that in the prior action, Mrs. King pursued claims for Mr. King's estate. In *Headwaters*, 399 F.3d at 1052, the Ninth Circuit explained:

> "'Privity'. . . is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, chiefly: . . . decedents and their heirs, successors in interest and survival claimants . . . (citations omitted.)

At a minimum, privity is present even under traditional privity relationships. Moreover, Mr. King was a party to the prior action to further bolster res judicata effects and dismissal of Fourth Amendment claims in this action. As such, this Court:

1. DISMISSES with prejudice Mr. King's claims arising from violation of his personal Fourth Amendment rights; and

2. DISMISSES with prejudice the complaint's Fourth Amendment claims on behalf of Garland or Garland's estate.

**Limitations Period**

Defendants correctly note that the complaint's section 1983 claims are subject to limitations defenses. Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[3] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, claims brought under section 1983 and which arise in California are generally barred if not brought within two years if they accrue after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993). Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir. 1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, the complaint reflects that its section 1983 claims accrued at the time of Garland's shooting death on September 4, 2003, nearly fours years prior to the complaint's filing here. Thus, attention turns

---

[3] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

to whether the limitations period was tolled. Just as state law determines the applicable limitations period, state law also determines the applicability of tolling doctrines in civil rights actions when it is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998 (1989); *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

Under California Code of Civil Procedure section 352.1(a), the limitations period is tolled up to two years when a plaintiff is incarcerated "at the time the cause of action accrued" for a term less than life. "In terms of limitations on the prisoner, continuous custody is the relevant disability." *Elliott*, 25 F.3d at 803. "'[A]ctual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Elliott*, 25 F.3d at 803); *see Deutch v. Hoffman*, 165 Cal.App.3d 152, 156, 211 Cal.Rptr. 319 (1985) (parolee status does not toll limitations period).

Defendants correctly note that the complaint fails to allege facts to warrant tolling of the two-year limitations period. The complaint fails to indicate when Mr. King was incarcerated or whether he was incarcerated on September 4, 2003. Mr. King notes that he "was arrested on September 5, 2003," the day after Garland's shooting death. Defendants "are informed and believe that plaintiff has not been continuously incarcerated without interruption, such that he can claim he was deprived of his ability to pursue his legal action sooner." Defendants contend that Mr. King's pursuit of the prior action demonstrates that he was able to pursue this action sooner than he did.

In sum, neither the complaint nor Mr. King indicate if or when he was incarcerated to invoke California Code of Civil Procedure 352.1(a) tolling. In the absence of sufficient facts, the complaint's section 1983 claims are not entitled to tolling of the limitations period. As such, this Court:

1. DISMISSES the complaint's section 1983 claims with leave to amend as to the limitations issue;[4] and

2. ORDERS Mr. King, no later than March 7, 2008, to file and serve his first amended complaint to: (1) omit a reference to California Code of Civil Procedure section 352.1(a) tolling; or (2) allege sufficient facts to demonstrate that the complaint's section 1983

---

[4] This order is not to be construed to permit attempt to amend Fourth Amendment claims.

claims are entitled to California Code of Civil Procedure section 352.1(a) tolling.

**Official Capacity**

Chief Dyer and the defendant officers contend that they are redundantly named in their official capacities given that the City is named as a defendant.

Official-capacity suits represent a means to plead an action against an entity of which an officer is an agent. *Monell v. Department of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018. "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal.1996)).

Given the City's presence as a defendant, Chief Dyer and the defendant officers may be dismissed in their official capacities. Mr. King fails to oppose meaningfully dismissal of Chief Dyer and the defendant officers in their official capacities. As such, this Court DISMISSES Chief Dyer and the defendant officers in their official capacities.

**Chief Dyer's Individual Capacity**

Chief Dyer faults the complaint's absence of facts of Chief Dyer's involvement in alleged deprivation of Constitutional rights to support a section 1983 claim against him in his individual capacity.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), *cert. denied*, 520 U.S. 1230, 117 S.Ct. 1822 (1997) ("Liability under section 1983 arises only upon a showing of personal participation by the

defendant.")  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer*, 844 F.2d at 633.

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor*, 880 F.2d at 1045 (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir.1984)).

Chief Dyer correctly notes the absence of specific alleged facts that Chief Dyer directly participated in, directed or knew of others' constitutional violations. Mr. King points to the complaint's insufficiently broad final policy maker allegations. Mr. King argues, without support, that Chief Dyer "was responsible for all the training which led up to the unnecessary and wanton shooting of Garland King, and it was his . . . unofficial policy to look the other way thus ratifying the unofficial behavior of his subordinates." In the absence of sufficient facts, the complaint fails to allege a section 1983 claim against Chief Dyer. As such, this Court:

1. DISMISSES the complaint's claims against Chief Dyer in his individual capacity with leave to amend; and

2. ORDERS Mr. King, no later than March 7, 2008, to file and serve his first amended complaint to: (1) omit Chief Dyer has a defendant; or (2) allege sufficient facts to demonstrate that Chief Dyer participated in or directed constitutional violations, or knew of constitutional violations of subordinates and failed to act to prevent them.

### Chief Dyer's Qualified Immunity

Chief Dyer contends that qualified immunity bars the complaint's section 1983 claims against him. Mr. King responds that "Chief Dyer failed to properly train and supervise his charges allowing for the wrongful death of Garland King through use of excessive force."

Qualified immunity is a defense to claims against governmental officials "arising out of the performance of their duties. Its purpose is to permit such officials conscientiously to undertake their responsibilities without fear that they will be held liable in damages for actions that appear reasonable at the time, but are later held to violate statutory or constitutional rights." *Kraus v. Pierce County*, 793

F.2d 1105, 1108 (9th Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1571 (1987). Qualified immunity protects section 1983 defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 943 (9th Cir. 2004). The "heart of qualified immunity is that it spares the defendant from having to go forward with an inquiry into the merits of the case. Instead, the threshold inquiry is whether, assuming that what the plaintiff asserts the facts to be is true, any allegedly violated right was clearly established." *Kelley v. Borg*, 60 F.3d 664, 666 (9th Cir. 1995).

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526, 105 S.Ct. 2806. Courts stress "the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991). "Immunity ordinarily should be decided by the court long before trial." *Hunter*, 502 U.S. at 228, 112 S.Ct. at 537.

The issue of qualified immunity is "a pure question of law." *Elder v. Holloway*, 510 U.S. 510, 514, 114 S.Ct. 1019 (1994); *Romero v. Kitsap County*, 931 F.2d 624, 627-628 (9th Cir. 1991). To analyze qualified immunity, a court determines: (1) what right has been violated; (2) whether that right was so "clearly established" at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1085 (9th Cir. 1998), *cert. denied*, 525 U.S. 1016, 119 S.Ct. 540 (1988).

In the absence of allegations to subject Chief Dyer to 1983 liability, qualified immunity is a viable defense to Chief Dyer. Nonetheless, this Court grants Mr. King leave to file an amended complaint to omit Chief Dyer as a defendant or to attempt to allege sufficient facts for a cognizable section 1983 claim against Chief Dyer.

/ / /

/ / /

**Merits Of Fourteenth Amendment Claims**

*Due Process*

Defendants point out that the complaint's Fourteenth Amendment claims are unclear in that the complaint alleges violation of Garland's due process rights and of Mr. King's "liberty interest" in Garland's "companionship and society." Defendants fault the complaint's lack of facts to support a Fourteenth Amendment claim. Mr. King argues: "Egregious government conduct in the form of excessive and brutal use of physical force constitutes a violation of the decedents [sic] and plaintiff's substantive due process.

As noted by defendants, a section 1983 plaintiff pursuing a Fourteenth Amendment violation may attempt to allege either a substantive due process claim or a procedural due process claim. "The concept of 'substantive due process,' semantically awkward as it may be, forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). The substantive component of the Due Process Clause is violated by executive action only when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins v. City of Harker Heights*, 503 U.S. 115, 128, 112 S.Ct. 1061, 1070 (1992). To state a procedural due process claim, a section 1983 plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

The complaint fails to allege a cognizable Fourteenth Amendment substantive or procedural due process claim. As such, this Court grants Mr. King leave to amend his complaint to attempt to cure Fourteenth Amendment due process pleading defects. This Court:

1. DISMISSES the complaint's Fourteenth Amendment claims with leave to amend; and
2. ORDERS Mr. King, no later than March 7, 2008, to file and serve his first amended complaint to: (1) omit Fourteenth Amendment due process claims; or (2) allege sufficient facts to demonstrate Fourteenth Amendment due process claims.

*Equal Protection*

Defendants note the complaint's vague allegation that Garland was a presumed "member of a

disfavored groups [sic], thereby denying equal treatment solely on that basis." Defendants point to the absence of allegations that Garland was treated differently due to his race, presumed mental instability or other condition. Mr. King notes that "there is no 'equal protection' claim per se to plead within this Complaint."

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985). The "purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445, 43 S.Ct. 190 (1923).

A section 1983 plaintiff alleging an equal protection violation must prove: (1) the municipal defendants treated them differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the municipal defendants acted with discriminatory intent in applying this classification; and (4) plaintiffs suffered injury as a result of the discriminatory classification. *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); *see Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 927 (N.D.Cal.1990), *aff'd*, 966 F.2d 503 (9th Cir. 1992) (section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law). Equal protection claims may be brought by a "'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000).

The complaint fails to allege a cognizable equal protection claim. Mr. King acknowledges as much. As such, this Court DISMISSES with prejudice the complaint's equal protection claims.

**Attempt At Amendment**

Mr. King is granted an opportunity to attempt to amend his complaint to cure deficiencies other

than those claims dismissed by this order. Mr. King is further admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice Mr. King's claims arising from violation of his personal Fourth Amendment rights; and

2. DISMISSES with prejudice the complaint's Fourth Amendment claims on behalf of Garland or Garland's estate.

3. DISMISSES the complaint's other section 1983 claims with leave to amend as to the limitations period issue;

4. DISMISSES Chief Dyer and the defendant officers in their official capacities;

5. DISMISSES the complaint's claims against Chief Dyer in his individual capacity with leave to amend;

6. DISMISSES the complaint's Fourteenth Amendment claims with leave to amend;

7. DISMISSES with prejudice the complaint's equal protection claims; and

8. ORDERS Mr. King, no later than March 7, 2008, to file and serve his first amended complaint to:

    A. (1) Omit reference to California Code of Civil Procedure section 352.1(a) tolling; or (2) allege sufficient facts to demonstrate that the complaint's section 1983 claims are entitled to California Code of Civil Procedure section 352.1(a) tolling;

    B. (1) Omit reference to Chief Dyer as a defendant; or (2) allege sufficient facts to demonstrate that Chief Dyer participated in or directed constitutional violations, or knew of constitutional violations of subordinates and failed to act to prevent them; and

C. (1) Omit Fourteenth Amendment due process claims; or (2) allege sufficient facts to demonstrate Fourteenth Amendment due process claims.

IT IS SO ORDERED.

**Dated:    February 4, 2008**            /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE