IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KING, | CASE NO. CV F 07-1078 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |
| vs. | (Doc. 26.) |
| FRESNO POLICE OFFICERS: McKNIGHT, et al., | |
| Defendants. / | |

**INTRODUCTION**

Defendants Fresno Police Chief Jerry Dyer ("Chief Dyer") and seven Fresno police officers[1] seek to dismiss pro se plaintiff Jeremy King's ("Mr. King's") amended complaint on grounds that Mr. King failed to meet the statute of limitations for his 42 U.S.C. § 1983 ("section 1983") claims arising from the fatal shooting of Garland King ("Garland"), Mr. King's natural father. Mr. King filed no timely opposition papers. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record, pursuant to Local Rule 78-230(m). For the reasons discussed below, this Court DISMISSES Mr. King's amended complaint without leave to amend.

---

[1] Mr. King's amended complaint identifies the defendant Fresno police officers as McKnight, Jensen, Cooper, Reyes, Depew, Cervantes and Campos (collectively "defendant officers"). Chief Dyer and the defendant officers will be referred to collectively as "defendants."

1

**BACKGROUND**

On September 4, 2003, Fresno police officers fatally shot Garland after Garland in a downtown Fresno road waved a handgun and shouted at motorists. On September 26, 2007, Mr. King, a state prisoner, filed his original complaint to allege 1983 claims. This Court's February 4, 2008 order ("February 4 order") dismissed Mr. King's Fourteenth Amendment claims with leave to amend and required Mr. King's amended complaint to allege sufficient facts to demonstrate that his Fourteenth Amendment claims a entitled to tolling for imprisonment under California Code of Civil Procedure section 352.1(a).

On February 21, 2008, Mr. King filed his first amended complaint ("FAC") to allege Fourteenth Amendment claims that the defendant officers used excessive force to discharge their weapons to kill Garland and to violate Mr. King's substantive due process rights arising from a "substantial liberty interest to the familial companionship and society of his father." The FAC alleges that Chief Dyer, as a final policymaker responsible to train officers, authorized use of excessive deadly force to violate Mr. King's "substantive due process and liberty interest in the companionship and society of Garland King."

As to the limitations period, the FAC alleges: "Plaintiff was arrested on September 5, 2003, and was in custody up to June 7, 2005, or a period of twenty-one (21) months. After plaintiff was released from state prison, he was rearrested on February 4, 2006, and has been in continuous custody since that period."

**DISCUSSION**

**F.R.Civ.P. 12(b)(6) Motion Standards**

The main thrust of defendants' F.R.Civ.P. 12(b)(6) motion is that Mr. King's remaining Fourteenth Amendment claims under section 1983 are time barred and are not entitled to tolling for Mr. King's incarceration. A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may

be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

A F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his/her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). A motion to dismiss based on a limitations defense may be granted only if the complaint's assertions, read with required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon*, 614 F.2d at 682.

Moreover, a F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted by deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

With these standards in mind, this Court turns to whether the FAC avoids a limitations defense.

**Limitations Period**

Federal civil rights statutes have no independent limitations period. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D. Cal. 2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938 (1985).

On January 1, 2003, California Code of Civil Procedure section 335.1 ("section 335.1")[2] took effect to extend the prior limitations period for personal injury actions (and correspondingly to federal civil rights claims, *see Wilson*, 471 U.S. at 271-272, 105 S.Ct. 1938; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975); *Krug v. Imbrodino*, 896 F.2d 395, 396-397 (9th Cir. 1990)) from one year under former California Code of Civil Procedure section 340(3) to two years. *Abreu*, 284 F.Supp.2d at 1255; *see* Cal. Senate Bill 688 (Burton), Stats. 2002, ch. 448, §3. Applying California law, claims brought under section 1983 and which arise in California are generally barred if not brought within two years if they accrued after January 1, 2003. *See Johnson*, 421 U.S. 454, 95 S.Ct. 1716; *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); *Krug*, 896 F.2d at 396-397; *see also Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993), *cert. denied,* 510 U.S. 1076, 114 S.Ct. 890 (1994). Federal law "determines when a federal cause of action accrues, despite the fact that state law determines the relevant statute of limitations." *Wetzel v. Lou Ehlers Cadillac Group*, 189 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Williams v. UNUM Life Ins. Co. of America*, 113 F.3d 1108, 1111 (9th Cir. 1997)); *Elliott*, 25 F.3d at 801-802. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir.

---

[2] Section 335.1 provides: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

1  1991).

2        Here, the FAC reflects that Mr. King's section 1983 claims accrued at the time of Garland's
3  shooting death on September 4, 2003, more than fours years prior to filing of the original complaint.
4  Thus, attention turns to whether the limitations period was tolled.  Just as state law determines the
5  applicable limitations period, state law also determines the applicability of tolling doctrines in civil
6  rights actions when it is not inconsistent with federal law.  *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct.
7  1998 (1989); *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257.

8        Under California Code of Civil Procedure section 352.1(a), the limitations period is tolled up to
9  two years when a plaintiff is incarcerated "at the time the cause of action accrued" for a term less than
10  life. "In terms of limitations on the prisoner, continuous custody is the relevant disability." *Elliott*, 25
11  F.3d at 803. "'[A]ctual, uninterrupted incarceration is the touchstone' for applying California's tolling
12  provision for the disability of imprisonment." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004)
13  (quoting *Elliott*, 25 F.3d at 803).  "A rule permitting non-confined felons to enforce stale claims of
14  which they have been fully cognizant throughout the applicable statutory period, solely because of their
15  status as parolees, would obviously work a real, and undeserved, hardship upon third persons." *Deutch*
16  *v. Hoffman*, 165 Cal.App.3d 152, 154, 211 Cal.Rptr. 319 (1985) (parolee status does not toll limitations
17  period).

18        Defendants argues that Mr. King does not qualify for tolling because the FAC alleges that he was
19  not in custody at the time of Garland's September 4, 2003 shooting.  Defendants further point to the
20  FAC's allegation that Mr. King's incarceration was not continuous during two years following the
21  shooting in that Mr. King was released from custody on June 7, 2005.  Defendants conclude that Mr.
22  King's February 4, 2006 arrest "is of no consequence."

23        The FAC's reveals that Mr. King was not incarcerated during the entire two years following
24  Garland's fatal shooting.  The FAC acknowledges that Mr. King was released from custody almost 21
25  months after the shooting to leave three months remaining prior to expiration of two years from the
26  shooting.  Mr. King's custody was not continuous during the running of the two years following
27  Garland's shooting.  His incarceration was interrupted by no less than eight months of release.  Mr. King
28  did not file this action within two years of his June 7, 2005 release.  His released status does not entitle

him to tolling protection. Mr. King's section 1983 claims are time barred. As such, this Court need not address defendants' contentions regarding the merits of Mr. King's Fourteenth Amendment claims.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice Mr. King's action against defendants on grounds the action is time barred; and

2. DIRECTS this Court's clerk to enter judgment in favor of defendants and against plaintiff Jeremy King.

IT IS SO ORDERED.

**Dated:    March 26, 2008**                     /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE